**Wilbert PARKER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 96–CO–778.

District of Columbia Court of Appeals.

Submitted Sept. 4, 1997.

Decided Dec. 30, 1997.

---

William G. Dansie, appointed by the court, for appellant.

Barbara E. Kittay, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney at the time the brief was filed, and John R. Fisher and Thomas C. Black, Assistant United States Attorneys, were on the brief, for appellee.

Before WAGNER, Chief Judge, and KING, Associate Judge, and PRYOR, Senior Judge.

WAGNER, Chief Judge:

Appellant, Wilbert Parker, entered a conditional plea of guilty to possession of a controlled substance (cocaine) (D.C.Code § 33–541(d) (1981)), after the trial court denied his motion to suppress evidence.[1] He argues on appeal that the motion to suppress should have been granted because the police recovered the drugs as a result of his unlawful arrest.[2] We conclude that the trial court's finding that Parker abandoned the drugs before he was seized by the police is supported by the evidence; therefore, the recovery of the drugs was not the fruit of an illegal seizure. Accordingly, we affirm.

## I.

On the evening of March 14, 1996, at approximately 7:15 p.m., Officer John Felenchak of the Metropolitan Police Department was patrolling the area of 4th and M Streets, Northwest. The officer received a "lookout"

---

1. "With the approval of the Court and the consent of the government, a defendant may enter a plea of guilty ... reserving in writing the right, on appeal from the judgment to review of the adverse determination on any specified pretrial motion." Super. Ct.Crim. R. 11(a)(2).

2. For purposes of this case, the government concedes that reasonable articulable suspicion to justify a stop under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) does not exist in the record. In light of our disposition of the case, we need not address Parker's alternative argument based on the lack of justification for a *Terry* stop.

on an unrecorded radio-to-radio channel, describing an individual suspected of being involved in an illegal transaction. The description was of a black male with a tan coat and black hat. Officer Felenchak drove to the area and saw Parker, who appeared to fit the description, walking southbound towards the corner of 4th Street and New York Avenue. Officer Felenchak stopped his marked police car, got out and approached Parker, who was then in front of a store on that corner.[3] About the same time, two others officers, Sgt. Darly and Investigator Touart, who were in a squad car going south on Fourth Street, stopped their vehicle. Officer Felenchak and Parker knew each other by sight. Parker testified that Felenchak saw him frequently and knew him because he (Parker) stayed in the area. When Officer Felenchak was about two to three feet from Parker, Parker dropped to the ground a ziplock bag which contained "a white rock substance" which the officer believed to be drugs. Following a positive field test of the substance in the ziplock, the officer arrested Parker. In a search incident to the arrest, the officer discovered another ziplock of suspected drugs on Parker.

The trial court concluded that the police made no show of authority sufficient to constitute a seizure. Therefore, the court determined that Parker's abandonment of the drugs was not the fruit of improper or illegal police behavior and denied the motion to suppress.

## II.

Parker contends that the actions of the officers in surrounding him amounted to a seizure. Therefore, he argues, the ziplocks recovered were fruits of an unlawful arrest which must be suppressed. *See Wong Sun v. United States,* 371 U.S. 471, 485, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963). The government contends that Parker had not been seized within the meaning of the Fourth Amendment when he abandoned the drugs; therefore, the drugs are not the fruits of any illegal seizure. *See California v. Hodari D.,* 499 U.S. 621, 624, 111 S.Ct. 1547, 1549–50, 113 L.Ed.2d 690 (1991). Thus, our inquiry is

whether Parker had been seized within the meaning of the Fourth Amendment when he dropped the drugs.

■ The trial court found in pertinent part as follows:

When the officer approached, as he had every right to do, in a non-threatening manner, and there is no contrary testimony that your client felt threatened, felt apprehensive, felt he was not free to leave, nothing of the sort, and therefore, the only testimony I have to go on is Officer Felenchak's testimony that he got out of his vehicle about 25 feet from the defendant, walked around his car, walked toward him, and before the defendant had a chance to turn around and walk in any other direction or anything of that sort, the defendant dropped a ziplock between his feet.

The officer had only an intent to investigate up to that point, but after the ziplock was dropped, of course the defendant was placed under arrest or at least at that point detained and not free to leave until a field test could be performed on the ziplock, which it was, and when it tested positive for cocaine, of course the defendant was under arrest.

In reviewing the determination that appellant was not seized or in custody when he dropped the drugs, "we defer to the trial court's finding of fact, but determine the question of law *de novo.*" *Patton v. United States,* 633 A.2d 800, 814 (1993) (citations omitted). Our inquiry is objective, taking into consideration the totality of the circumstances. *Id.* (citing *In re E.A.H.,* 612 A.2d 836, 838 (D.C.1992)). Applying that standard, we conclude that Parker was not seized before he dropped the drugs.

■ A seizure of the person may occur by actual physical force or a show of authority. *United States v. Wood,* 299 U.S.App. D.C. 47, 49, 981 F.2d 536, 538 (1992) (quoting *Terry, supra* note 1, 392 U.S. at 19 n. 16, 88 S.Ct. at 1879 n. 16). Here, there is no claim that the abandonment resulted from the officers' use of physical force. Parker contends that the police seized him through a show of authority. To constitute a seizure, the police

---

3. Parker testified that the vehicle was unmarked.

show of authority must be sufficiently forceful, in light of all the circumstances, to convey to a reasonable person that he was not free to leave. *Hodari D., supra,* 499 U.S. at 628, 111 S.Ct. at 1551–52; *Patton, supra,* 633 A.2d at 814. The question is whether a reasonable person would have felt free to "disregard the police presence and go about his business." *Michigan v. Chesternut,* 486 U.S. 567, 576, 108 S.Ct. 1975, 1981, 100 L.Ed.2d 565 (1988).

The officer testified that he did not forcibly stop Parker, but simply got out of the car and started walking toward Parker, whom he knew. Parker admitted that he knew the officer, and he perceived nothing unusual about the officer's approach. Indeed, Parker did not perceive that he was being detained. However, the test is not whether an individual perceives that his movements are being restricted, " 'but whether the officer's words and actions would have conveyed that to a reasonable person.' " *Patton, supra,* 633 A.2d at 814 (quoting *United States v. Jordan,* 294 U.S.App. D.C. 227, 228, 958 F.2d 1085, 1086 (1992)) (quoting *Hodari D., supra,* 499 U.S. at 625, 111 S.Ct. at 1550). The officer testified that he did not draw his weapon and that Parker was free to leave at any time before he dropped the drugs. The evidence is such that a reasonable person under the circumstances would consider himself free to leave, as the trial court found. *See Patton,* 633 A.2d at 814 (citing *Jordan,* 294 U.S.App. D.C. at 228, 958 F.2d at 1086 (quoting *Hodari D.,* 499 U.S. at 625, 111 S.Ct. at 1550)).

On this record, neither a show of authority nor any submission to a show of authority can be said to have caused Parker to abandon the drugs. *See Hodari D., supra,* 499 U.S. at 626, 111 S.Ct. at 1550–51. Given the circumstances, we find no error in the trial court's determination that no seizure occurred before Parker dropped the drugs. *See Patton, supra,* 633 A.2d at 815.

For the foregoing reasons, the judgment of conviction appealed from hereby is

*Affirmed.*